IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| | | |
|---|---|---|
| RICHARD HOLBERT, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:04-CV-334 DAK |
| | ) | |
| v. | ) | District Judge Dale A. Kimball |
| | ) | |
| CLINT FRIEL et al., | ) | **O R D E R** |
| | ) | |
| Respondents. | ) | Magistrate Judge Brooke Wells |

---

Petitioner, Richard Holbert, requests federal habeas relief.[1]  Having concluded Petitioner has filed an untimely petition, the Court denies him.

BACKGROUND

Petitioner was convicted in Utah state court of aggravated kidnaping.  On January 11, 2001, he was sentenced to serve a prison term of ten-years-to-life.  On December 12, 2002, the Utah Court of Appeals affirmed his conviction on direct appeal.  At that time, Petitioner was apparently in a Colorado federal prison.  On December 19, 2002, Petitioner wrote his court-appointed appellate counsel to ask that the Utah Court of Appeals hear his case en banc.  On December 23, 2002, Petitioner got a letter from his appellate counsel saying she no longer represented him.  That day, Petitioner wrote the Utah Court of Appeals to request an en banc hearing.  On January 3, 2003,

---

[1] *See* 28 U.S.C.S. § 2254 (2007).

Petitioner got a letter from the court of appeals to say that an en banc hearing was not possible.

On January 20, 2003, Petitioner wrote to the Utah Supreme Court to ask how to appeal.  On January 28, 2003, the Utah Supreme Court clerk sent Petitioner a packet about filing a pro se petition for writ of certiorari.  On February 1, 2003, Petitioner filed a notice of appeal with the Utah Supreme Court. According to Petitioner, he was in transport between Colorado and Utah between February 14 and February 24, 2003.

By letter dated February 21, 2003, the Utah Supreme Court clerk told Petitioner that the notice did not comport with Utah Rule of Appellate Procedure 48, requiring that petitions for writ of certiorari be filed within thirty days of Utah Court of Appeals's decisions.  On May 7, 2003, Petitioner filed a petition for writ of certiorari in the Utah Supreme Court.  On May 15, 2003, Petitioner received a letter from the the Utah Supreme Court clerk saying the petition was time-barred.  Petitioner's next move was to give his current federal petition to prison contract attorneys to be mailed on April 4, 2004.  The Court filed the petition on May 26, 2004.

ANALYSIS

I. Period of Limitation

According to statute,

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by

2

> a person in custody pursuant to the judgment
> of a State court.  The limitation period
> shall run from the . . . date on which the
> judgment became final by the conclusion of
> direct review or the expiration of the time
> for seeking such review.[2]

Petitioner's judgment of conviction became final when his time for seeking direct review expired on January 11, 2003--the deadline he missed for filing a petition for writ of certiorari with the Utah Supreme Court.  Although--in the weeks and months following the court of appeals's decision--Petitioner certainly put out some feelers on how to further navigate the direct appeal process, the fact remains that Petitioner did nothing that stopped the time for seeking direct review from expiring on January 11, 2003.  On that date, the twelve-month period of limitation began running on Petitioner's right to bring a federal habeas petition.  Even so, Petitioner waited until almost fifteen months later, on April 4, 2004, to file his current petition.[3]

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[4]  Meanwhile, equitable

---

[2] 28 *id.* § 2244(d)(1)(A).

[3] Giving Petitioner the benefit of the doubt, just for purposes of this Order, the Court assumes without deciding that the federal petition here was filed on April 4, 2004, the date upon which Petitioner asserts he gave his petition to the prison contract attorneys to be mailed.

[4] 28 U.S.C.S. § 2244(d)(2) (2007).

3

tolling is also available but "'only in rare and exceptional circumstances.'"[5]

Not having filed an application for post-conviction or other collateral review, Petitioner does not qualify for statutory tolling.[6]  However, apparently based on the communications between himself, his former appellate attorney and the Utah appellate courts, and his time in the Colorado prison and in transport, Petitioner asserts the federal period of limitation should not have started running until May 15, 2003, when the Utah Supreme Court rejected his attempt to petition for writ of certiorari.  This amounts to an argument that the Court should apply equitable tolling to rescue him from the period of limitation's operation.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[7]  Those situations include times "'when

---

[5]*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

[6]In his reply to the State's response to his petition here, Petitioner tries to recast his petition for writ of certiorari to the Utah Supreme Court as an application for post-conviction or other collateral relief.  It clearly was not and so does not serve to toll the period of limitation.  Petitioner's attempt to recast does not help his cause in any case.  This is because the documents he filed never resulted in a "properly filed" application.  *See Pace v. Diguglielmo*, 125 S. Ct. 1807, 1811-15 (2005); *Artuz v. Bennett*, 121 S. Ct. 361, 363-64 (2000).

[7]*Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[8]   And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[9]

Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.  Petitioner asserts that his lateness should result in equitable tolling because he lacked access to Utah law in the Colorado prison, then was in the Utah State Prison's orientation unit from February 24, 2003 until May 5, 2003.

Petitioner seems to confuse the circumstances surrounding his attempts to directly appeal his state criminal case with the circumstances surrounding his attempts to file this federal habeas petition.  Petitioner goes into much detail about his communications back and forth with the state appellate courts. However, the fact remains, as noted above, that his direct appeal process ended on January 11, 2003, when he failed to file a petition for writ of certiorari with the Utah Supreme Court.

---

[8]*Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)).

[9]*Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

5

Petitioner's continued attempts to directly appeal his conviction are not of concern to this Court.

What is of concern to this Court is what Petitioner did from January 11, 2003 to January 11, 2004 to get this federal habeas petition filed on time.  Petitioner did nothing while in Colorado,[10] while in transport, and while in the Utah State Prison orientation unit.  His failure to specify how any of these circumstances made it impossible for him to pursue his federal habeas claims is fatal to his equitable tolling argument.[11] Apparently, in May 2003, Petitioner started working with the prison contract attorneys on his federal petition, but, for unspecified reasons, he did not have it ready to file until April 2004--this, despite the fact that his challenges to his conviction were very much the same here as they were on direct appeal; thus he was not reinventing the wheel.[12]

---

[10]Although Petitioner complains about the lack of Utah law available there to help him file his direct appeal, that has nothing to do with this federal petition.

[11]*See Johnson v. Mullin*, No. CIV-06-117-R, 2006 U.S. Dist. LEXIS 21667, at *10 (W.D. Okla. Mar. 20, 2006) (holding, when petitioner neither alleged "that he requested legal resources  . . . which were denied, nor explain[ed] how the lack of such resources prevented his timely filing," that "[s]uch vague and conclusory allegations do not justify equitable tolling").

[12]*See Gifford v. Everett*, No. 00-8091, 2001 U.S. App. LEXIS 20871, at *5-6 (10th Cir. Sept. 24, 2001) (unpublished) (denying equitable tolling argument when petitioner did not show how being locked down with curtailed access to library or legal assistance prevented him from timely filing his federal habeas petition when it "simply repeated verbatim the grounds and legal arguments contained in his state post-conviction motion"); *see also Barrientos v. Hightower*, No. 01-6210, 2002 U.S. App. LEXIS 340, at *5 (10th Cir. Jan. 8, 2002) (unpublished) (denying equitable tolling argument when petitioner did not allege[] any facts or offer[] any evidence of the steps he took, the lengths he went to, or the diligence he otherwise exercised during

In any case, generally speaking, the argument that a prisoner "had inadequate law library facilities" does not support equitable tolling.[13]  Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[14] Finally, an assertion of excusable neglect is unavailing.  The Tenth Circuit has held that "[s]imple excusable neglect is not sufficient" to trigger equitable tolling.[15]

As a last means to protect himself under the umbrella of equitable tolling, Petitioner asserts he is actually innocent. "[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial."[16]  Petitioner has instead done nothing but rehash and attack the evidence at trial.  The Court therefore rejects this basis for equitable tolling.

In sum, none of the circumstances raised by Petitioner

---

the time he claims deprivation of access to legal materials . . . and "even after . . . [being] afforded access to adequate legal materials, . . . waited six months before filing his claim").

[13]*McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005) (unpublished); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

[14]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

[15]*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[16]*Rose v. Newton-Embry*, No. 05-6245, slip op. at 3 (10th Cir. Sept. 5, 2006) (unpublished).

rendered it beyond his control to timely file his petition here.
Accordingly, the current petition before the Court was filed
almost three months past the one-year period of limitation.  And,
neither statutory exceptions nor equitable tolling apply to save
Petitioner from the period of limitation's implementation.
Consequently, this petition is rejected as untimely.

       DATED this 22nd day of May, 2007.

           BY THE COURT:

DALE A. KIMBALL
United States District Judge